# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY COMPANY d/b/a Rain For Rent,<br><br>Plaintiff,<br><br>v.<br><br>JERRY W. GOODWIN, an individual d/b/a O Bar Cattle Co., FLORA E. GOODWIN, d/b/a O Bar Cattle Co., and SECURITY WEST FINANCIAL COMPANY, INC., an Idaho Corporation,<br><br>Defendants. | CV F 07-1863  AWI DLB<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 26) |

This is essentially a breach of contract action between Plaintiff Western Oilfields Supply ("Plaintiff") and Defendants Jerry Goodwin and Flora Goodwin, both doing business as O Bar Cattle Co. ("Defendants").[1] The matter is before the Court on the basis of diversity jurisdiction. Defendants move to dismiss three causes of action in Plaintiff's complaint under Rule 12(b)(6). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

## LEGAL FRAMEWORK

*Rule 8(a)(2)*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief in federal court. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and

---

[1] In a prior motion, Defendant Security West was dismissed for lack of personal jurisdiction.

plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The pleadings need only give the opposing party "fair notice" of the claim and the "grounds upon which [the claim] rests." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Conley, 355 U.S. at 47; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877. "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." Fontana, 262 F.3d at 877; see Williams v. Boeing Co., 517 F.3d 1120, 1131 (9th Cir. 2008).

*Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual

allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**1.     FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

*Defendants' Argument*

Defendants argue that, under California law and in particular *Harris v. Rudin, Richman & Appel*, 74 Cal.App.4th 299, 307 (1999), when a breach of contract claim is based on a written contract, the plaintiff must "either set out verbatim the terms of the written contract in the body of the complaint or attach a copy of the contract to . . . the complaint." Defendants' Motion at 4. Since Plaintiff did not follow the requirement expressed in *Harris*, Defendants do not have adequate notice and dismissal is appropriate.

*Plaintiff's Opposition*

Plaintiff argues that *Harris* ultimately relied on *Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 59 (1963), and that case merely said that a contract may be pled *in haec verba*. Also, *Construction Protective Services, Inc. v. TIG Speciality Ins. Co.*, 29 Cal.4th 189 (2002)

3

held that a plaintiff may plead a written contract's legal effect rather than precise language. Here, the legal effect is sufficiently pled.

*Resolution*

Defendants focus on the failure to attach a copy of the contract and/or the failure to reproduce the contract's words verbatim in the complaint. However, each of the parties' respective arguments regarding *Harris* and California pleading requirements are not helpful. "[N]o matter what the basis of subject matter jurisdiction," Hefferman v. Bass, 467 F.3d 596, 599 (7th Cir. 2006), "federal law governs the pleading requirements of a case in federal court." Simpson v. James, 903 F.2d 372, 375 (5th Cir. 1990). In other words, the "Federal Rules of Civil Procedure, not state rules, govern the adequacy of the pleading." Davidson v. Yihai Cao, 211 F.Supp.2d 264, 276 (D. Mass. 2002); Baxter Travenol Laboratories, Inc. v. LeMay, 93 F.R.D. 379, 381 (S.D. Oh. 1981); see Neveau v. City of Fresno, 392 F.Supp.2d 1159, 1184 (E.D. Cal. 2005); Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000). Thus, Federal Rule of Civil Procedure 8, and not California law or *Harris*, controls whether Plaintiff has adequately pled a breach of contract in this Court. See Hefferman, 467 F.3d at 599; Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003); Simpson, 903 F.2d at 375; Mat Van, Inc. v. Sheldon Good & Co. Auctions, LLC, 2008 U.S. Dist. LEXIS 8724, *20 (S.D. Cal. 2008); In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 379 F.Supp.2d 348, 368 n.43 (S.D. N.Y. 2005).

Defendants' motion does not argue that the actual elements of breach of contract are inadequately pled.[2] The complaint's allegations are sufficient to place Defendants on notice of the breach of contract claim as well as the basis for that claim. See Fed. R. Civ. Pro. 8(a); Twombly, 127 S.Ct. at 1964; Fontana, 262 F.3d at 877; Complaint at ¶¶ 8-20. Accordingly, the breach of contract cause of action will not be dismissed.

---

[2]"Federal district courts sitting in diversity apply the substantive law of the forum state, but apply the procedural rules as stated in the Federal Rules of Civil Procedure." Neveau, 392 F.Supp.2d at 1183-84. Plaintiff's breach of contract is a state law claim; the elements of breach of contract under California law are: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (5) damages to plaintiff as a result of the breach. CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).

**2.     SECOND CAUSE OF ACTION – MUTUAL, OPEN, and CURRENT ACCOUNT**

In its opposition, Plaintiff states that because "there is no agreement or understanding that charges on each side of the transaction will extinguish *pro tanto* those on the other side so that there exists one indivisible liability arising from the series of transactions, Plaintiff will agree to dismiss its cause of action for 'mutual, open, and current account,' without prejudice, and will reserve its right to amend its Complaint at a later date in the event that the affirmative defenses raised by Defendants [outside of the pleadings] warrant an amendment." Plaintiff's Opposition at 5. In light of the foregoing, the Court will dismiss this cause of action without prejudice.

**3.     THIRD CAUSE OF ACTION – BOOK ACCOUNT**

*Defendants' Argument*

Defendant argues that Plaintiff's has not alleged that it maintained a sufficient book account, nor has it provided evidence to Defendants that it did so.

*Plaintiff's Opposition*

Plaintiff states that Defendants simply recite the statutory definition of a book account and then, without analysis, state that Plaintiff has not properly alleged a book account.

*Legal Standard – Book Account*

"Book account" is one of the "common count" causes of action under California law. See Rutter Group, California Civil Procedure – Before Trial § 6:126(b) (2007 ed). Common counts are used to allege "the existence of various forms of monetary indebtedness . . ." Id. Under California law, the essential allegations of a common count are: the statement of indebtedness in a certain sum, the consideration for the debt, and nonpayment. Farmers Ins. Exch. v. Zerin, 53 Cal.App.4th 445, 460 (1997). A "book account" is defined by statute as:

> a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Code Civ. Pro. § 337a. This section creates a "three-part statutory test" for the existence of a book account: (1) the existence of "the principal record of one or more transactions" between the plaintiff/creditor and defendant/debtor; (2) entries in the record that were made in the plaintiff/creditor's regular course of business; and (3) the record was kept in a reasonably permanent form and manner. Tsemetzin v. Coast Fed. Sav. & Loan Ass'n, 57 Cal.App.4th 1334, 1343 (1997); see also Reigelsperger v. Siller, 40 Cal.4th 574, 579 n.5 (2007). However, the "mere incidental keeping of accounts does not alone create a book account." Maggio, Inc. v. Neal, 196 Cal.App.3d 745, 752 (1987); H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp., 99 Cal.App.3d 711, 728 (1979); see Warda v. Schmidt, 146 Cal.App.2d 234, 237 (1956). "A book account is created by the agreement or conduct of the parties in a commercial transaction." H. Russell Taylor, 99 Cal.App.3d at 728; Warda, 146 Cal.App.2d at 237; see also Maggio, 196 Cal.App.3d at 752. Further, "moneys due under an express contract cannot be recovered in an action on an "open book account" in the absence of a contrary agreement between the parties." Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1396 n.9 (2004); Tsemetzin, 57 Cal.App.4th at 1343; see Warda, 146 Cal.App.2d at 237. Whether a book account exists between parties is a question of fact. Cochran v. Rubens, 42 Cal.App.4th 481, 485 (1996).

*Resolution*

Plaintiff has sufficiently pled an action for a common count book account. In relevant part, the complaint alleges:

> 14.   Between December 31, 2006, and September 30, 2007, pursuant to the Master Rental Agreement, custom estimates, and the written lease approvals, Plaintiff supplied miscellaneous parts and equipment [(pivot irrigation system, motor, pipe and pump)][3] directly to [Defendants] on account No. 970118. The amount unpaid as to that debt is $391,591.72, plus interest and finance charges for the date each invoice became due. All of the invoices and custom estimates were directed to [Defendants].
> . . . .
>
> 26.   Within the last two years, Defendants . . . became indebted to Plaintiff on a book account in the amount of $391,591.72, plus interest at the rate of 1.5percent per month (18 percent per annum) pursuant to the Agreements.

---

[3] See Complaint at ¶¶ 11-12.

6

Complaint at ¶¶ 14, 26.[4]

These paragraphs identify the cause of action as that of a book account, state that about $392,000 of debt remains unpaid by Defendants, that the amounts are reflected through a rental agreement and invoices, and the amounts invoiced were to a particular account and directed against Defendants. The facts reasonably support the inference that the invoices and agreements are in a reasonably permanent form and were kept in the regular course of business. Plaintiff is required to allege sufficient facts so that Defendants are on notice of the claims against them and the basis of those claims. See Fed. R. Civ. Pro. 8(a)(2); Twombly, 127 S.Ct. at 1964-65; Fontana, 262 F.3d at 877. The complaint adequately places Defendants on notice of the book account claim against them.[5] See Cal. Code Civ. Pro. § 337a; Reigelsperger, 40 Cal.4th at 579 n.5; Farmers Ins., 53 Cal.App.4th at 460; Tsemetzin, 57 Cal.App.4th at 1343. Dismissal is inappropriate.[6]

## CONCLUSION

Federal Rule of Civil Procedure 8 provides the pleading standard for this case. A review of the complaint shows that Plaintiff has alleged sufficient facts to place Defendants on notice of the breach of contract and book account claims against them, as well as the basis of those

---

[4] Under the book account cause of action are two paragraphs, 25 and 26. See Complaint at p. 6. Paragraph 25 "repleads and realleges" all prior paragraphs, which obviously would include paragraphs 11 through 14.

[5] Given the incorporation by reference of the preceding breach of contract claim, the complaint suggests that the debt owed may be pursuant to an express written agreement. If the debt owed is pursuant to an express contract, then recovery under a book account is not appropriate unless the parties intended that monies due under that contract would be the subject of an account between them. See Armstrong Petroleum, 116 Cal.App.4th at 1396; H. Russell Taylor, 99 Cal.App.3d at 728; Warda, 146 Cal.App.2d at 237. However, Defendants did not raise this issue in their motion (the motion was very general and simply stated that Plaintiff had not adequately pled a book account, see Court's Docket Doc No. 26 at p. 7); instead Defendants raised this issue for the first time in their reply. A reply is not the time to raise new arguments. See United States v. Boyce, 148 F.Supp.2d 1069, 1085 (S.D. Cal. 2001). Accordingly, the Court expresses no opinion at this time whether recovery under a book account theory is appropriate/whether the claim will ultimately succeed.

[6] To the extent that Defendants argue that no evidence of a book account has been produced, that problem is remedied through the discovery process. Defendants note in their reply that they have filed a "bill of particulars" under California Code of Civil Procedure § 454 and, if Plaintiff does not respond within 10 days, Plaintiff should be precluded from giving evidence of the account as per § 454. Although the § 454 request was filed in conjunction with the reply, it is a separate filing and is not part of the motion to dismiss. The Court has serious concerns that § 454 is a mere procedural rule that has no application in this Federal Court. Nevertheless, the issue of whether § 454 has any application, or will be given any effect whatsoever, in this case is not before the Court at this time.

respective claims. Dismissal is not appropriate.

With respect to the second cause of action for a mutual, open and current account, Plaintiff has agreed to dismiss this claim without prejudice. The Court will act on this agreement.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss Plaintiff's first and third causes of action are DENIED;
2. Defendants' motion to dismiss Plaintiff's second cause of action is GRANTED and the second cause of action is DISMISSED without prejudice; and
3. Defendants are to file an answer to the complaint, consistent with this order, on or by May 27, 2008.

IT IS SO ORDERED.

**Dated:   May 12, 2008**                          /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE