IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN OIL FIELDS SUPPLY,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY W. GOODWIN, et al.,<br><br>Defendants. | **1:07cv1863 AWI DLB**<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR WRIT OF POSSESSION |

Plaintiff Western Oilfields Supply Company, doing business as Rain for Rent ("Plaintiff"), filed an Application for Writ of Possession on June 9, 2008. The Application was heard on August 8, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Timothy Scanlon appeared on behalf of Plaintiff. Sterling Brennan appeared on behalf of defendants Jerry Goodwin and Flora Goodwin, individually and doing business as O'Bar Cattle Co. (collectively "Defendants").

**FACTUAL AND PROCEDURAL BACKGROUND**

The action is to recover monies owed and equipment owned by Plaintiff under an Application for Credit, Master Rental Agreement, Sales Agreement ("Master Rental Agreement") executed by defendant Jerry Goodwin, an individual and doing business as O Bar Cattle Co.

1

On or about April 17, 2006, defendant Goodwin executed the Master Rental Agreement as required by Plaintiff prior to the sale, furnishing or rental of labor, equipment, materials or services to a customer. Subsequently, Plaintiff furnished irrigation pipe and equipment ("the Equipment") pursuant to the Master Rental Agreement. Plaintiff contends that as of October 2007, despite demand, Defendants failed to pay the balance due and owing for the Equipment in the amount of $392,591.72, plus interest.

On or about October 24, 2007, Plaintiff recorded a UCC Financing Statement, Document 2007035206-3, covering a portion of the Equipment furnished to Defendants.

Plaintiff filed this action in December 2007 against defendants Jerry and Flora Goodwin individually and dba O Bar Cattle Co., and Security West Financial Group, Inc. to collect the outstanding amounts due. Plaintiff also included a cause of action for claim and delivery (Fifth Cause of Action). Plaintiff contends defendant Goodwin has possession of the equipment at real property located in Elko County, Nevada and have refused Plaintiff's May 2, 2008 and May 21, 2008 demands for turnover of the Equipment.

On April 4, 4008, the Court granted defendant Security West Financial Group's motion to dismiss for lack of personal jurisdiction, which was unopposed by Plaintiffs.

On May 12, 2008, the Court granted the Goodwin Defendants' motion to dismiss in part, dismissing Plaintiff's claim for a mutual, open and current account. Defendants filed an Answer on May 27, 2008 and an Amended Answer and Counterclaim on June 4, 2008.

On June 9, 2008, Plaintiff filed the present Application. Defendants filed an opposition on July 22, 2008 and Plaintiff filed a reply on August 1, 2008. At the hearing on August 8, 2008, the Court suggested and the parties agreed to meet and confer in an attempt to reach an agreement whereby in lieu of efforts by Plaintiff to pursue immediate repossession of the Equipment, Defendants would provide a form of payment or security interest in the crops. The Court took the Application under submission.

At the parties' request, the Court held a telephonic conference on August 27, 2008. As a result of the conference, the parties continued to meet and confer. The Court held another telephonic

conference on September 15, 2008 wherein Defendants requested permission to file a supplemental brief and affadavit regarding the projected completion of the harvest.  The Court entered an Order setting a schedule for supplemental briefing from both parties.  Defendants filed a supplemental brief on September 19, 2008 and Plaintiff filed a supplemental brief on September 25, 2008.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 64:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies.

Fed.R.Civ.P. 64(a).  In the instant case, Plaintiff seeks the state provisional remedy of a writ of possession.  California law provides for the return of property to creditors via a writ of possession:

> Upon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written application for the writ with the court in which the action is brought.

Cal. Civ. Proc. Code § 512.010(a).  The written application must include:

> (1) A showing of the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed. If the basis of the plaintiff's claim is a written instrument, a copy of the instrument shall be attached.
>
> (2) A showing that the property is wrongfully detained by the defendant, of the manner in which the defendant came into possession of the property, and, according to the best knowledge, information, and belief of the plaintiff, of the reason for the detention.
>
> (3) A particular description of the property and a statement of its value.
>
> (4) A statement, according to the best knowledge, information, and belief of the plaintiff, of the location of the property and, if the property, or some part of it, is within a private place which may have to be entered to take possession, a showing that there is probable cause to believe that such property is located there.
>
> (5) A statement that the property has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure.

Cal.Code Civ.Proc. § 512.010.  Section 512.060 provides that a writ of possession shall issue if (1)

3

the plaintiff has established the probable validity of his claim to possession of the property; and (2) the undertaking requirements of § 515.010 are satisfied. Cal.Code Civ.Proc. § 512.060. The statute further provides: "No writ directing the levying officer to enter a private place to take possession of any property shall be issued unless the plaintiff has established that there is probable cause to believe that the property is located there." Cal. Code Civ. Proc. § 512.060. "If the court finds that the defendant has no interest in the property, the court may waive the requirement of the plaintiff's undertaking and shall include in the order for issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of subdivision (b) of Section 515.020." Code Cov. Proc.515.010.

      Plaintiffs have established the probable validity of their claim to possession of the Equipment at issue. *See* Cal. Code Civ. Proc. § 511.090 ("A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim."). In April 2006, Plaintiff and defendant Jerry Goodwin entered into the Master Rental Agreement for the rental of equipment. *See* Bastian Decl. , Ex. "A" (Application for Credit, Master Rental Agreement, Sales Agreement). Subsequent to the execution of the Master Rental Agreement and between December 31, 2006 and September 30, 2007, Plaintiff furnished the Equipment to Defendants pursuant to the Master Rental Agreement, custom estimates and invoices. Bastian Decl. ¶ 6. Pursuant to paragraph 2 of the Master Rental Agreement and paragraph 2 of each invoice, Defendants were obligated to pay Plaintiff within 30 days of the date of an invoice for all invoiced charges. *See* Bastian Decl. , Ex. "A," "B." Pursuant to paragraph 12 of the Master Rental Agreement and paragraph 11 of each invoice, upon Goodwin's default, Plaintiff may retake possession of the equipment. *See id.*

      Plaintiff has presented evidence that as of October 2007, despite demand, there was a balance due and owing for the Equipment in the amount of $391, 591.72 plus interest. *See* Bastian Decl. ¶ 7, Ex. "B." Plaintiff has taken possession of some of the equipment but represents that as of the filing of this application, there is still due and owing, $327,994.52 for equipment still in Defendants' possession. *See* Bastian Decl. ¶ 19. Plaintiff has continued to maintain an accurate accounting of

1 each piece of equipment within the custody and control of Defendants, including each piece of
2 equipment for which payment has not been received.  *See* Bastian Decl. , Ex. "D" [inventory of each
3 piece of equipment owned by Plaintiff for which payment has not been made and which Plaintiff
4 seeks to obtain through the instant application.

5       There is no dispute about the location of the property or that the property has been taken for
6 tax or assessment.

7       Defendants' arguments in opposition to Plaintiff's Application are unavailing.  That Flora
8 Goodwin was not a party to the Master Rental Agreement is irrelevant to Plaintiff's right to possess
9 the Equipment upon Mr. Goodwin's default.  While Defendants argue there is an "ongoing and
10 significant dispute between Jerry Goodwin and Plaintiff regarding the amount that Plaintiff claims to
11 be owed," Defendants do not provide any evidence of payment or the amounts they contend should
12 be offset.  Despite the changes in the amounts allegedly owed since the filing of the complaint due to
13 partial repossessions of equipment and credits, Plaintiff represents that there is an outstanding
14 balance due and owing of $327,994.52, plus interest.  Defendants provide no evidence to the
15 contrary.  Moreover, the fact that Security West agreed to guarantee payment does not relieve the
16 primarily responsible party who executed the Master Rental Agreement (Jerry Goodwin dba O Bar
17 Cattle Co.) from paying for the Equipment.

18       Plaintiff represents and Defendants do not dispute that the value of the equipment at issue is
19 $257,686.92.  Thus, the balance of the monies owed by Defendants appears to exceed the value of
20 the property at issue.  Although repossession of the Equipment may result in hardship to Defendants,
21 the hardship amounts to economic loss which Plaintiff also suffers if the Application is denied.  In
22 light of the parties contractual agreement and the undisputed evidence of the amounts owed, the
23 Application should be granted.

24       The Court finds that no undertaking is required under California Code of Civil Procedure §
25 515.010(a) and (b).  As noted above, the market value of the property to be seized is less than the
26 amount due and owing.  Defendants provide no evidence of payment and there is no evidence that
27 Defendants have any net "interest in the property" under § 515.010(a) and this no undertaking is
28

required under § 515.010(b).

## CONCLUSION

Based on the evidence before the Court and for the foregoing reasons, the Court recommends that Plaintiff's Application for Writ of Possession be granted. Plaintiff should be directed to submit a proposed writ of possession which conforms with the statutes cited above and California Code of Civil Procedure § 512.080.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 4, 2008**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] California Code of Civil Procedure § 512.080 provides that the writ of possession shall meet all of the following requirements: (a) Be directed to the levying officer within whose jurisdiction the property is located; (b) Describe the specific property to be seized; (c) Specify any private place that may be entered to take possession of the property or some part of it; (d) Direct the levying officer to levy on the property pursuant to Section 514.010 if found and to retain it in custody until released or sold pursuant to Section 514.030; (e) Inform the defendant of the right to object to the plaintiff's undertaking, a copy of which shall be attached to the writ, or to obtain redelivery of the property by filing an undertaking as prescribed by Section 515.020.