**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WESTERN OILFIELDS SUPPLY COMPANY d/b/a Rain For Rent,**<br><br>　　　　　　**Plaintiff,**<br>　　v.<br><br>**JERRY W. GOODWIN, an individual d/b/a O Bar Cattle Co., FLORA E. GOODWIN, d/b/a O Bar Cattle Co., and SECURITY WEST FINANCIAL COMPANY, INC., an Idaho Corporation,**<br><br>　　　　　　**Defendants.** | **CV F 07-1863  AWI DLB**<br><br>**ORDER ON FINDINGS AND RECOMMENDATIONS, FOR ADDITIONAL BRIEFING, AND SETTING HEARING ON THE ADDITIONAL BRIEFING FOR DECEMBER 1, 2008** |

　　　On October 4, 2008, the Magistrate Judge issued findings and recommendations on Plaintiff's application for a writ of possession. In supplemental opposition to the writ, Defendants argued that a necessary third party, Big Spring Ranch, L.L.C. (which appears to be a Nevada entity), has a property interest in the irrigation equipment and has not been made a party to this lawsuit. As part of the supplemental declaration of Defendant Jerry Goodwin, Defendants submitted an amendment (apparently executed sometime in April 2007) to a land lease agreement between Defendants and Big Spring. The amendment indicates that Big Spring is the owner of the irrigation equipment on the land. The findings and recommendation do not address Big Spring. Under Rule 19, it is possible that Big Spring is a required party whose joinder may not be feasible; if Big Spring is such a party, i.e. a necessary and indispensable party, it is also possible that dismissal may occur. See Fed. R. Civ. Pro. 19(b); Disabled Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5 (9th Cir. 2004). The failure to join a necessary and

indispensable party may be raised at any point in the proceedings, including appeal, and may also be raised by a court *sua sponte*. See Pit River Home & Agric. Coop. Ass'n v. United States, 30 F.3d 1088, 1099 (9th Cir. 1994); CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911 (9th Cir. 1991); Faunce v. Bird, 210 F.R.D. 725, 727 (D. Or. 2002).  The moving party has the burden of showing that a party is necessary and indispensable.  See Citizen Band Potawatomi Indian Tribe v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994).  Here, since Defendants contend that there is an absent necessary party, they have the burden of establishing that the party is necessary and whether joinder of the party is feasible.  Given the importance of necessary and indispensable parties and the nature of a writ of possession, this issue needs further briefing.[1]

Also, a Court may raise the issue of a 28 U.S.C. § 1404(a) convenience transfer *sua sponte*.  See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  This case appear to involve: (1) a Plaintiff that is a California business entity who does business outside of California, (2) a contract that may have been negotiated and executed outside of California, (3) irrigation equipment that was installed by Plaintiff, and is currently located, in Nevada, (4) defendants who are citizens of Utah and who appear to work/ranch in Nevada, (5) payments going to Idaho, and (6) it is likely that there are witnesses who reside outside of California.  See Complaint; Amended Answer; Supplemental Declaration of Jerry Goodwin in Opposition to Writ of Possession.  Given the above, the Court has serious questions regarding the convenience of litigating in the Eastern District of California.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).  Since Plaintiff installed the irrigation system in Nevada, the irrigation system is located in Nevada, and Defendants work a farm located in Nevada, and a potentially necessary and indispensable party appears to be a Nevada entity, the

---

[1] The supplemental opposition objects to Goodwin's declaration/the amendment on the grounds of insufficient authentication, relevance, and hearsay.  Defendants did not respond to the objections.  However, the amendment is clearly relevant, the declarant is one of the signatories of the amendment, and Rule of Evidence 803(15) may well apply.  As part of the further briefing, Defendants should respond to Plaintiff's objections.  Also, Plaintiff's opposition states that Big Spring would not have a "superior interest" in the equipment and has not attempted to intervene.  However, Rule of Civil Procedure 19 does not use the term "superior interest" and does not state that a necessary party must attempt to intervene.  See Fed. R. Civ. Pro. 19.  Plaintiff cites no cases in support of its supplemental opposition on these points.

2

parties are to brief the issue of whether this case should be transferred to the District of Nevada under 28 U.S.C. § 1404.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The Court makes no ruling with respect to the Findings and Recommendation at this time;
2. On or by November 10, 2008, Defendants will provide further evidence and briefing on the issue of whether Big Spring is a necessary party who either may or may not be feasibly joined under Rule of Civil Procedure 19, including whether this case should be dismissed;
3. On or by November 10, 2008, the parties will file a brief as to whether this case should be transferred to the District of Nevada under 28 U.S.C. § 1404;
4. On or by November 17, 2008, Plaintiff may file an opposition/response to Defendants' brief regarding the status of Big Spring for purposes of Rule 19;
5. On or by November 17, the parties will file responses to the initial briefs regarding whether this case should be transferred to the District of Nevada;
6. On or by November 24, 2008, Defendants may file a reply to any opposition/response by Plaintiff regarding the status of Big Spring for purposes of Rule 19;
7. On or by November 24, 2008, the parties may file limited replies (no more than ten pages in length) regarding whether this case should be transferred to the District of Nevada; and
8. A hearing on the additional briefing will be held on December 1, 2008, at 1:30 p.m. in Courtroom No. 2.

IT IS SO ORDERED.

Dated:     October 30, 2008                    /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendants did not include a Rule 12(b)(3) motion with their Rule 12(b)(6) motion. However, Rule 12(h)'s waiver provision does not apply to 28 U.S.C. § 1404(a) motions. Berry v. Deutsche Bank Trust Co. Am., 2007 U.S. Dist. LEXIS 59261, *12 (D. Haw. 2007); Smart v. Goord, 21 F.Supp.2d 309, 318 n.6 (S.D. N.Y. 1998); Blane v. American Inventors Corp., 934 F.Supp. 903, 906 (M.D. Tenn. 1996); Hirsch v. Zavaras, 920 F.Supp. 148, 150 (D. Colo. 1996).