IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WESTERN OILFIELDS SUPPLY COMPANY d/b/a Rain For Rent, | ) ) ) | C1:07-CV-1863  AWI DLB |
| Plaintiff, | ) ) | ORDER ON FINDINGS AND RECOMMENDATIONS, THE RULE 19 MOTION, THE 28 |
| v. | ) ) | U.S.C. § 1404 MOTION, AND TRANSFERRING THIS CASE |
| JERRY W. GOODWIN, an individual d/b/a O Bar Cattle Co., FLORA E. GOODWIN, d/b/a O Bar Cattle Co., and SECURITY WEST FINANCIAL COMPANY, INC., an Idaho Corporation, | ) ) ) ) ) ) ) | TO THE DISTRICT OF NEVADA |
| Defendants. | ) ) ) | |

On October 4, 2008, the Magistrate Judge issued findings and recommendations on Plaintiff's application for a writ of possession.  Plaintiff seeks possession of irrigation equipment located in Nevada.  Defendants objected to the findings and argued that Big Spring Ranch, L.L.C. ("Big Spring"), a Nevada entity, was a necessary third party because it has a claimed property interest in the irrigation equipment.  In light of the objections by the Defendants, the Court *sua sponte* ordered additional briefing regarding Big Spring and Federal Rule of Civil Procedure 19, as well as whether this case should be transferred to the District of Nevada under 28 U.S.C. § 1404.  The parties have submitted the requested briefing.  For the reasons that follow, the Court will transfer this action to the District of Nevada and will not rule on the Rule 19 issue or the findings and recommendations.

## BACKGROUND

This case arises from a transaction for the acquisition of irrigation equipment.  Defendant Jerry Goodwin ("Goodwin") executed an Application for Credit, Master Rental Agreement, Sales Agreement (hereinafter the "Agreement") with Plaintiff.  See Complaint at ¶ 9.  Among other things, the Agreement prohibits Goodwin from encumbering or allowing others to use or possess the irrigation equipment, states that Plaintiff owns the equipment until it is paid for, and gives Plaintiff the right to repossess the equipment if Goodwin defaults.  See November 17, 2008, Bastian Declaration Exhibit A.  The Agreement was negotiated and signed in Utah.  See November 10, 2008, Goodwin Declaration at ¶¶ 4-5.  Months after signing the Agreement, Goodwin obtained approval for an equipment lease from Larry Wardle of Security West Financial Company, Inc. ("Security West").  See Complaint at ¶ 10.  This approval commits Security West to ensure payment for irrigation equipment invoices up to $550,000.  In February 2007, Defendants' lease broker purchased irrigation equipment.  See id. at ¶ 11.  Plaintiff states that this equipment was paid for in April 2007.  See id.  After ordering this equipment, Goodwin received approval for an additional $83,000 equipment lease from Security West.  See id. at ¶ 13.  Plaintiff contends that, between December 31, 2006, and September 30, 2007, it supplied miscellaneous parts and equipment directly to Defendants.  See id. at ¶ 14.  However, Plaintiff contends that neither Defendants nor Security West paid the invoices for the irrigation equipment and that a balance of approximately $392,000 is owed and outstanding.

The irrigation equipment was purchased for use on the Big Spring Ranch ("the Ranch"), which is located near Wendover, Nevada, in Elko County.  See Complaint at ¶ 17; November 10, 2008, Goodwin Declaration at ¶ 2.  Although Defendants reside in Utah, Goodwin is a cattle rancher who works and raises crops/livestock on the Ranch in Nevada.  See November 10, 2008 Goowdwin Declaration at ¶ 7.  Goodwin is a lessee of the Ranch, and the owner of the Ranch is Big Spring.  See Koroghli Declaration at ¶ 2.  In April 2007, Big Spring and Goodwin executed an amendment to their lease agreement which sought to clarify that the irrigation equipment that had been obtained by Goodwin and installed on the Ranch was to be considered a fixture, and that Big Spring was to be considered the owner of the irrigation equipment "from inception."

See id. at ¶¶ 2, 4.  The irrigation equipment that was supplied to Goodwin and installed by

Plaintiff is located at the Ranch in Nevada.  See Complaint at ¶ 34; Koroghli Declaration at ¶¶ 5-

7; July 22, 2008, Goodwin Declaration at ¶ 10.

In October 2007, Plaintiff filed a UCC Financing Statement and filed an amended

Financing Statement in December 2007.  See Complaint at ¶ 35.  On December 20, 2007,

Defendants filed this lawsuit.  On May 21, 2008, Plaintiffs demanded access to and possession of

the equipment, but Defendants refused.  See Court's Docket Doc. No. 40 at p. 2.  Plaintiff then

filed a writ of possession, and the additional briefing ensued.

**LEGAL STANDARD**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  28 U.S.C. § 1404(a).  This statute partially displaces the

common law doctrine of *forum non conveniens*.  See Decker Coal Co. v. Commonwealth Edison

Co., 805 F.2d 834, 843 (9th Cir. 1986); Miskow v. Boeing Co., 664 F.2d 205, 207 (9th Cir.

1981).  The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to

protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Van

Dusen v. Barrack, 376 U.S. 612, 616 (1964); Kawamoto v. C.B. Richard Ellis, Inc., 225

F.Supp.2d 1209, 1213 (D. Haw. 2002).  "Section 1404(a) is intended to place discretion in the

district court to adjudicate motions for transfer according to an 'individualized, cases by case

consideration of convenience and fairness.'"  Stewart Organization, Inc. v. RICOH Corp., 487

U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).

In order to transfer a case under § 1404(a), the "defendant must make a strong showing of

inconvenience to warrant upsetting the plaintiff's choice of forum."  See Decker, 805 F.2d at

843.  The district court must weigh numerous factors when deciding whether to transfer a case

under § 1404(a):

A motion to transfer venue under § 1404(a) requires the court to weigh multiple
factors in its determination whether transfer is appropriate in a particular case.
For example, the court may consider: (1) the location where the relevant
agreements were negotiated and executed, (2) the state that is most familiar with

the governing law, (3) the plaintiff's choice of forum, (4) the respective parties'
contacts with the forum, (5) the contacts relating to the plaintiff's cause of action
in the chosen forum, (6) the differences in the costs of litigation in the two
forums, (7) the availability of compulsory process to compel attendance of
unwilling non-party witnesses, and (8) the ease of access to sources of proof.
Additionally, the presence of a forum selection clause is a "significant factor" in
the courtss § 1404(a) analysis . . . [and] the relevant public policy of the forum
state, if any, is at least as significant a factor in the § 1404(a) balancing.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  The Court may also

consider the convenience of parties and witnesses, feasability of consolidation of other claims,

local interest in the controversy, and the court congestion of the two forums.  See Williams v.

Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).


**DISCUSSION**[1]

(1) The location where the relevant agreements were negotiated and executed

The Agreement was negotiated in Utah and signed by Defendants in Utah.  Since

negotiations did not take place in either California or Nevada, it neither favors retaining the case

in California nor transferring the case to Nevada.  It is therefore neutral.

(2) The state that is most familiar with the governing law

Plaintiff's suit is based on a contract that contains a choice of law clause.  That

Agreement states, "California law shall govern the AGREEMENT notwithstanding any choice of

law rules to the contrary."  November 17, 2008, Bastian Declaration Exhibit A at ¶ 15.  Since this

Court sits in California, the Eastern District of California is more familiar with the governing

law.  This factor weighs against transfer.

(3) The plaintiff's choice of forum

The third factor weighs in favor of Plaintiff as it chose the California forum.  However,

"where the forum lacks any significant contact with the activities alleged in the complaint,

plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of

---

[1] Plaintiff does not dispute that a substantial portion of the events giving rise to this lawsuit occurred in
Nevada, nor does it dispute Defendants' contention that the Nevada court will be able to exercise jurisdiction.  In
their reply opposition, however, Plaintiff takes the position that, by contract, suit was required to be  brought in
California.  As explained *infra*, Nevada is a proper venue under the forum selection clause.

4

1  the forum." Knapp v. Wachovia Corp., 2008 U.S. Dist. LEXIS 41000, *5 (N.D. Cal. May 12,

2  2008); Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005);

3  Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 990 (E.D. N.Y. 1991).  As discussed *infra*,

4  the Eastern District of California has insignificant contact with the contractual activities alleged

5  in the complaint.  While this factor weighs against transfer, it does so on a significantly

6  diminished basis.

7      (4) The respective parties' contacts with the forum

8      Plaintiff has substantial contacts with California since that is the location of Plaintiff's

9  principle place of business.  Defendants do not specifically address their contacts with California

10  other than to say that they reside in Utah, work in Nevada, traveling to the Eastern District of

11  California would cause significant hardship, and there are no crops or livestock maintained by

12  Defendants in California.  See November 10, 2008, Goodwin Declaration at ¶¶ 6-7.  Because of

13  the lack of specified information from Defendants regarding their contacts with California, this

14  factor weighs against transfer.

15      (5) The contacts relating to the plaintiff's cause of action in the chosen forum

16      The Agreement was negotiated and signed in Utah.  The Agreement was carried out in

17  Nevada when Plaintiff installed the irrigation equipment at the Ranch.  The irrigation equipment

18  which Plaintiff seeks to repossess is located in Nevada.  The breach of the Agreement allegedly

19  occurred when Defendants did not pay.  The invoices were sent to Defendants in Utah (and

20  appear to have originated from Plaintiff's offices in Paul, Idaho), see June 7, 2008 Bastian

21  Declaration Exhibit B, so Defendants did not pay/breached in Utah.  At best, it appears that

22  Plaintiff's national credit department is in California, and that some form of processing by

23  Plaintiff of the Agreement/application occurred in California.  See Reply In Opposition To

24  Transfer at p.4.[2]  Accordingly, the Court does not see meaningful contacts with the Eastern

25  District of California relative to Plaintiff's contractual claims.  This factor heavily favors transfer.

26

27

28  ───────────────
   [2]There is no detail regarding the processing of the Agreement.  Further, no evidence was submitted by
   Plaintiff that rebuts the declaration of Goodwin, wherein he states that signing and negotiations occurred in Utah.
   See November 10, 2008 Goodwin Declaration at ¶¶ 4-5.

(6) The differences in the costs of litigation in the two forums/Relative court congestion

It is unknown what the differences in costs of litigation would be between the Eastern District of California or the District of Nevada.  In terms of court congestion, however, the Eastern District has a congested docket.  As of March 2008, the Eastern District had 6,305 civil cases pending cases while the District of Nevada had 2,752 civil cases pending.[3]  See Federal Caseload Statistics 2008, Table C at p. 39;[4] see also J. G. Boswell Tomato Company - Kern, LLC v. Private Label Foods, Inc., 2008 U.S. Dist. LEXIS 66103, *45 (E.D. Cal. July 31, 2008).  This factor weighs in favor of transfer.

(7)  The availability of compulsory process to compel attendance of unwilling non-party witnesses/Convenience of Witnesses

To show inconvenience to witnesses, the moving party should state the witnesses's identities, locations, and content and relevance of their testimony.  See Florens Container v. Cho Yang Shipping, 245 F.Supp.2d 1086, 1092-93 (N.D. Cal. 2002); Williams, 157 F.Supp.2d at 1108.  Additionally, it is "the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight."  See Gundle v. Fireman's Fund Insurance Co., 844 F.Supp. 1163, 1166 (S.D. Tex. 1994).  The only non-party witness that has been identified by the parties is Larry Wardle, who appears to be located in either Utah or Idaho.  See Defendants' Brief In Support of Transfer at p. 8; Court's Docket Doc. No. 21.  Wardle, who was involved in obtaining financing for Defendants, works for Security West.  See Court's Docket Doc. No. 21 at ¶  Complaint at ¶¶ 10, 13, 15.  Security West was a named party but was later dismissed for lack of personal jurisdiction.[5]  See Court's Docket Doc. No. 25.  It does not appear that this Court can exercise jurisdiction over Wardle or

---

[3]The Eastern District of California has 10 District Judges, both senior and active.  The District of Nevada also has 10 District Judges, both senior and active.

[4]This table may be found at the United States Courts website: http://www.uscourts.gov/caseload2008/tables/C00Mar08.pdf

[5]Security West is a corporation located in Idaho.  See Court's Docket Doc. No. 21.

compel him to attend.[6]  Without further information, the Court can only assume that the Nevada Court also cannot compel Wardle's attendance.  However, as between California and Nevada, it would appear that Nevada would be a more convenient venue relative to a Utah or Idaho citizen.

Additionally, Big Spring indicates that the irrigation system is a fixture/part of the realty and that removal of equipment may cause substantial damage to the Ranch.  <u>See</u> Koroghli Declaration ¶¶ 2, 7.  Big Spring is claiming an ownership interest in the irrigation equipment based on transactions with Defendants.  <u>See</u> Koroghli Declaration at ¶¶ 2, 4-7; <u>Cachil Dehe Band of Wintun Indians v. California</u>, 536 F.3d 1034, 1041-42 (9th Cir. 2008) (". . . an [substantial] interest that 'arises from terms in bargained contracts' may be protected . . . .").  This claimed ownership interest is important because Plaintiff seeks to repossess the irrigation equipment as the true owner.  <u>See</u> Court's Docket Doc. No. 40 at p.4 & No. 73 at pp. 3-4; Complaint at ¶¶ 34, 36 & Prayer § F.  Big Spring is a Nevada entity and there is no indication that it has any contacts with California.[7]  <u>See</u> Koroghli Declaration at ¶ 3.  The Court cannot compel Big Spring's attendance in the Eastern District of California.  However, as a Nevada entity, the Nevada District Court will have the ability to exercise jurisdiction over Big Spring and compel its attendance.  Given the relief sought by Plaintiff and the interest claimed by Big Spring, this factor weighs in favor of transfer.

(8) The ease of access to sources of proof

The eighth factor appears to be a wash.  Plaintiff indicates that the evidence in this case is contractual in nature and no advantage is gained in transferring the case.  Defendants indicate that sources of proof are located in Utah and that the equipment at issue is located in Nevada.  Clearly this will be a document sensitive case, but it is unknown if voluminous amounts of paper are involved.  Also, while the equipment is located in Nevada, it is unknown (although highly unlikely) if the equipment itself will need to be produced as evidence.  Neither party goes into

---

[6]Defendants do not discuss the content of Wardle's testimony in their brief.  However, from the submissions of the parties including the Complaint, it is clear that Wardle's testimony would involve financing negotiations and understandings with respect to payment to Plaintiff for the irrigation equipment.

[7]Plaintiff was aware of Big Spring but did not attempt to make Big Spring a party to this litigation.  <u>See</u> Plaintiff's Complaint at ¶ 7; November 17, 2008, Bastian Declaration at ¶ 6 & Exhibit C.

sufficient detail regarding the sources of proof since there is no explanation as to the quantity of proof.  The Court will regard this factor as neutral.

Convenience of the Parties

Plaintiff has offices in twenty-six states, including Nevada, Idaho, Utah, and California. See November 17, 2008, Brennan Declaration Exhibit A.  In contrast, Defendants reside in Utah and work in Nevada at the Ranch.  Goodwin has declared that he is a professional rancher and that traveling to California would cause a severe impact on his livelihood since the Eastern District of California is a considerable distance away from his crops and livestock. See November 10, 2008, Goodwin Declaration at ¶¶ 6-7.  In light of the offices in Nevada, there does not appear to be significant inconvenience to Plaintiff.  Cf. Sorensen v. Phillips Plastics Corp., 2008 U.S. Dist. LEXIS 81710, *11 (N.D. Cal. Oct. 9, 2008).  Further, Plaintiff sent a letter to Defendants which requested the return of the irrigation equipment and stated that the failure to do so "under Nevada statutes may be considered as intent to commit larceny."  November 17, 2008, Bastian Declaration Exhibit D.  Thus, it appears that Plaintiff was or is contemplating availing itself of the criminal laws of Nevada.  Further, as has been previously noted, the invoices to Goodwin appear to have been generated by Plaintiff from an Idaho office, negotiations occurred in Utah between Goodwin and a representatives of Plaintiff (Skip Hilton), Plaintiff installed the equipment in Nevada, and Plaintiff has sought to enter the Ranch in Nevada to repossess the equipment.  Plaintiff clearly has the ability to litigate this case in numerous states. This factor weighs in favor of transfer.

Forum Selection Clause

When evaluating a § 1404 motion, the "presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  There is a forum selection clause in the Agreement and Plaintiff relies heavily (almost exclusively) upon it.  The clause reads, "Venue for any legal dispute between parties is Kern County, California or where rental/services were performed at the sole discretion of the Rentor."  See November 17, 2008, Bastian Declaration Exhibit A at ¶ 15.  The Eastern District of California embraces Kern County.  However, the forum selection

clause does not list Kern County as the only or exclusive place in which venue may lie.  The clause also identifies as a proper venue any place "where rental/services were performed."  Plaintiff installed the irrigation equipment at the Ranch in Nevada.  See July 22, 2008 Goodwin Declaration at ¶ 10.  Venue in Nevada therefore is contemplated by the forum selection clause.[8]  It is true that the clause gives Plaintiff the discretion to choose venues, but, considering the lack of significant California contacts and that Nevada is a venue encompassed by the forum selection clause, this factor will weigh against transfer but on a lessened basis.

Public Policy Considerations Of The Forums/Local Interest In The Controversy

California has an interest in ensuring that one of its citizens has a litigation forum.  However, Nevada also has an interest in that Plaintiff is attempting to enter the land of one of its citizens (Big Spring) and remove equipment from the land that may be considered a fixture.  See Koroghli Declaration at ¶¶ 2, 7.  Big Spring also claims an ownership interest in the irrigation equipment, and the Court does not see how that it has personal jurisdiction over Big Spring.  See id. at ¶¶ 2-6.  Nevada has an interest in protecting the rights of its citizens and the land within its borders.  Given the relief sought by Plaintiff, the Court believes that the interest of Nevada is greater than that of California.  This factors weighs in favor of transfer.

Analysis

From the submissions and filings, it is clear that the transaction between Plaintiff and Defendants spans several states – California, Utah, and Nevada.  For purposes of this order, however, the key is a comparison of California with Nevada through the lense of § 1404.

As discussed above, the Court views the first and the eighth Jones factors as neutral.

Jones factors two, three, and four weigh against transfer.  However, the third Jones factor, consideration of the Plaintiff's choice of forum, is given less weight than usual because of the lack of significant contact between California and the transaction(s) that forms the basis of this

---

[8]In its reply brief, Plaintiff argues that it was contractually obligated to file suit in California and thus, venue would not be proper in either Nevada or Utah.  However, this argument relies on the express identification of Kern County and does not discuss or address the second part of the clause: "or where rental/services were performed."  Plaintiff has not denied that it installed the equipment in Nevada.  See July 22, 2008 Goodwin Declaration at ¶ 10; Court Docket Doc. No. 63 at p.2.  While Plaintiff is certainly within its rights under the clause to choose Kern County/the Eastern District of California as the proper venue, other venues are appropriate under the plain language of the clause.

9

case.  Further, while the presence of a forum selection clause is a substantial factor, this consideration is lessened in that multiple forums are envisioned by the forum selection clause. Because services were performed in Nevada, Nevada is also a forum envisioned by the clause. Plaintiff's insistence that Kern County is the only proper forum is contrary to the plain language of the clause.  Accordingly, four factors weigh against transfer and of those four, two weigh against transfer in a diminished capacity.

*Jones* factors five, six, and seven, as well as the convenience of the parties and the policy/local interest of the forums weigh in favor of a transfer.  Of particular weight is factor five since California's involvement relative to the basis of this lawsuit is *de minimis*.  The Court also finds that the interest of Nevada in this case is significant given the claimed interest of Big Spring and the potential damage that may result to the Ranch if repossession is allowed by this Court.  There are thus five considerations that weigh in favor of transfer, including convenience of parties and non-parties.  Since two of the four factors that weigh against transfer receive less weight than they otherwise would, the Court finds that the five factors in favor of transfer substantially outweigh the factors against transfer.[9]  Accordingly, the Court will transfer this case to the District of Nevada.


## CONCLUSION

There are numerous factors associated with a 28 U.S.C. § 1404(a) convenience transfer. Plaintiff relies heavily on the presence of a forum selection clause in the Agreement.  However, the forum selection clause makes provision for forums other than Kern County/the Eastern District of California, including the District of Nevada.  Considering all of the factors, the Court finds that, despite the forum selection clause, the factors in favor of transfer substantially outweigh the factors against transfer.

Currently pending before the Court are a Rule 19 motion and a motion for possession of the equipment.  The equipment is located in Nevada and the Rule 19 motion relates to a Nevada

---

[9]Plaintiff argues that it is unjust to transfer this lawsuit since it has been pending in this Court for about one year.  However, Defendants point out that no discovery has occurred.  Thus, this case is still in its beginning stages. Further, transfer will allow either the intervention or joinder of a party who claims an ownership interest in the irrigation equipment.

citizen.  Briefing is complete on these motions.  Given that these motions concern Nevada interests, the Court will not rule upon them in deference to the Nevada court.


Accordingly, IT IS HEREBY ORDERED that this case is transferred as per 28 U.S.C. § 1404(a) to the Federal District of Nevada.


IT IS SO ORDERED.

**Dated:   January 21, 2009**                    /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE